PER CURIAM:
This was an action brought pursuant to the provisions of 42 U.S.C., § 1983 [1] to enjoin the Louisiana Stadium and Exposition District from continuing to allow tobacco-smoking in the New Orleans Superdome during events staged therein. Pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure and without reaching or deciding the “state action” aspect of the case, the District Court dismissed the complaint for failure to state claims upon which relief could be granted, “in that nothing in the United States Constitution grants unto plaintiffs the rights they claim to have been violated”, Gasper v. Louisiana Stadium and Exposition District, 418 F.Supp. 716 (E.D.La., 1976). We affirm.
The reported opinion clearly indicates that the District Court was well aware of the limitations applicable to dismissals under Rule 12(b)(6). The invitation to reverse on the ground that the Court did not adequately comprehend the function of a Rule 12(b)(6) dismissal is declined, see 418 F.Supp. at 717.
The plaintiffs prayed that those in charge of the Superdome and its operations should be enjoined “from in any way permitting smoking and the sale of tobacco products in the Superdome during the staging therein of public events”.
What it all comes down to is that the plaintiffs claim a constitutional right to stop other individuals from smoking in the Superdome while a performance is in progress.
We assume that the Superdome authorities, if they saw fit, could prohibit smoking in the facility, or the City of New Orleans in the exercise of its police power could prohibit smoking in public stadiums, or the State of Louisiana could enact a similar statute of statewide application. No such rule, city ordinance, or state statute has been enacted.
We assume that Congress might prohibit the interstate transportation of cigarettes or otherwise restrict tobacco in interstate commerce. Congress has not seen fit to do so.
The plaintiffs would have us to fill this great void by elevating to constitutional dimensions their opposition to the presence *899 of tobacco smoke at football games or like performances in public stadiums. Obviously, if one may constitutionally enforce opposition to smoking in one public place he may, as a constitutional right, have it imposed at another.
We are not unaware of what happened when, by express constitutional amendment and congressional enactment, an effort was made to prohibit alcohol for beverage purposes, something fully as physically harmful as tobacco smoke, if not more so.
Since we can see no constitutional basis for injecting the courts and their injunctive powers into this tobacco-smoke controversy, we are of the opinion that the District Court was quite correct in dismissing the complaint. The dismissal is
AFFIRMED.

. “Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.” 42 U.S.C., § 1983.